## THE STATE v. WATSON.

1. **Practice in Supreme Court:** PRESUMPTION IN FAVOR OF INFE-
   RIOR COURT. This court is required to presume that the judgment of an
   inferior court is in accord with the law, unless the contrary is shown by
   the record.

2. **Criminal Law:** COMMITMENT OF VAGRANT: AUTHORITY OF TOWN
   MARSHAL: RESCUING PRISONER. A town marshal has authority by
   virtue of his office to execute an order of a justice committing a vagrant
   to the county jail; and such authority is not taken away by his appoint-
   ment by the justice as a special constable for that purpose; and one
   rescuing the prisoner from his custody is subject to indictment thereof.

*Appeal from Iowa District Court.*

WEDNESDAY, JULY 22.

DEFENDANT was indicted and convicted of forcibly rescu-
ing one held in lawful custody under a criminal charge. He
now appeals to this court.

*Stapleton & Dinwiddie,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

BECK, CH. J.—I. A woman was brought before a justice
of the peace on a charge of vagrancy. He committed her
to the county jail, and delivered the commitment to the mar-
shal of the town, who, while waiting for a train, put her for
safe-keeping in the town "calaboose." The defendant and
another, with violence, liberated the woman, breaking the lock
of the door of the "calaboose." Upon an indictment charg-
ing substantially these facts, the defendant was convicted,
and sentenced to two years' confinement in the state peniten-
tiary.

II. It is now insisted that the woman was not in legal
custody, for the reason that the justice of the peace com-

**1. PRACTICE in supreme court: presumption in favor of inferior court.** mitted her to the county jail for ten days, when the statute provides that in case of conviction à vagrant shall, in default of bail, be committed. Code, §§ 4134, 4135. In answer to this objection it is sufficient to say that the abstract fails to show the judgment of commitment. Whether it was in default of bail or for the specified time is not shown by the evidence. We are required to presume that the judgment is in accord with the law.

III. It is next urged that the woman was not in lawful custody, for the reason that the town marshal was orally appointed by the justice special constable, and

**2 CRIMINAL law: commitment of vagrant: authority of town marshal: rescuing prisoner.** that such appointment was void. It appears that probably both the justice and constable supposed that the marshal should be appointed special constable, and thereupon the justice orally made the appointment. But, as we shall proceed to show, the marshal, as such officer, was authorized to serve the commitment and other process in the case. The mistaken opinion held by the justice and himself, that he should be appointed special constable, did not render his acts void. He was not robbed of his authority as marshal by the mistake. The marshal was a peace officer. Code, § 4109, par. 3. It was his duty to arrest the vagrant and take her before the justice. Section 4132. He was authorized to serve the commitment. Section 4247. It follows that the woman was lawfully in the custody of the marshal.

IV. Counsel insist that there is a variance between the proof and the allegation of the indictment. The indictment alleges that the woman was in the custody of the marshal. Counsel insist that the evidence shows she was held by one claiming to be special constable. But, as we have seen, the mistake of the marshal and justice did not take away the authority of the marshal. He held the woman as marshal.

The foregoing discussion disposes of all questions in the case. The evidence sufficiently supports the verdict, and the

sentence of the court below is just. It will teach a lesson of respect for the law and its officers to men of the class and character of defendant. The judgment is

AFFIRMED.